## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JIM CLARK; JAMES DIEM; DAVID HOLLIS;** ) | |
| **STEVE LANE; TIM McANELLY;** ) | |
| **DON ROBERSON; HARRISON THOMPSON;** ) | |
| **BOBBY TORRE; and** ) | |
| **THOMAS WOJCIECHOWSKI, on behalf of** ) | |
| **themselves and all other current and former** ) | |
| **employees similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 03-CV-638-JHP-SAJ** |
| ) | |
| **STOREY WRECKER SERVICE, INC.,** ) | |
| **an Oklahoma corporation,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER and OPINION</u>

Before the Court is Defendant Storey Wrecker Service, Inc.'s Motion for Partial

Summary Judgment, Plaintiffs' Response in opposition, and Defendant's Reply thereto.

Defendant seeks a ruling that, as a matter of law, its conduct cannot be considered a willful

violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, such that the two-year statute

of limitation applies, and that Defendant acted reasonably and in good faith in attempting to

comply with the FLSA, such that an award of liquidated damages under 29 U.S.C. § 260 would

be inappropriate. Upon review of the pleadings and applicable law, and for reasons stated

herein, Defendant's Motion is DENIED in its entirety.

1

**Background**

Defendant Storey Wrecker Service is a company located in Tulsa, Oklahoma, that specializes in public towing services.  As part of its regular business, Defendant responds to calls from the Tulsa Police Department.  Defendant is also occasionally required to transport wrecked or disabled vehicles across state lines.

Plaintiffs are all people who were employed as drivers by Defendant at some point within the three years preceding the filing of this action on August 20, 2003.  During the course of Plaintiffs' employment, Defendant changed its method of compensating drivers.  Defendant formerly paid its drivers on a commission basis, but changed to hourly compensation at the request of several drivers, in order to provide drivers with a constant amount of income per week.  Under the new compensation scheme, Defendant paid all drivers a straight hourly wage, regardless of whether it was the first or fiftieth hour the employee had worked for the week.

Plaintiffs originally alleged that Defendant violated the FLSA by failing to pay them overtime wages for all hours worked in excess of forty hours per week.  Both sides filed Motions for Summary Judgment on the issue of liability.  Defendant argued that its drivers were exempt from overtime pursuant to the Motor Carrier Act  exemption (MCA) to the FLSA.  Plaintiffs contended that the exemption did not apply and that, even if it did, the drivers were entitled to overtime if they were performing "emergency tows."

The MCA applies to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service . . . ."  29 U.S.C. § 213(b)(1).  Specifically, the Secretary of Transportation may "prescribe requirements for . . . qualifications and maximum hours of service of employees of, and safety of operations

2

and equipment of, a motor carrier." 49 U.S.C. § 31502.  In ruling upon the parties' cross

Motions for Summary Judgment, the Court found that, while Defendant meets all of the MCA's

criteria, an exception to the exemption also applies.  The exception states that, "[e]xcept to the

extent the Secretary or Board, as applicable, finds it necessary to exercise jurisdiction to carry

out the transportation policy of section 13101, neither the Secretary nor the Board has

jurisdiction under this part over . . . the emergency towing of an accidentally wrecked or disabled

motor vehicle."  Id. § 13506(b)(3).   Accordingly, the Court found that when Defendant's drivers

are engaged in the emergency towing of wrecked or disabled vehicles, the Defendant is subject

to the requirements of the FLSA.

        Under the FLSA, if an employer acts in willful violation of its provisions, Plaintiffs are

entitled to a three-year statute of limitations rather than the standard two-year period under 29

U.S.C. § 255(a), and may also be entitled to liquidated damages under 29 U.S.C. § 216(b).

However, 29 U.S.C. § 216 is not mandatory; courts may reduce or deny an award of liquidated

damages if the defendant establishes that it acted in good faith and had reasonable grounds for

believing that its act was not a violation of the FLSA.  29 U.S.C. § 260; EEOC v. Missouri, 617

F. Supp. 1152, 1162 (E.D. Mo. 1985) (citing Lorillard, a Division of Loew's Theaters, Inc. v.

Pons, 434 U.S. 575, 583-84 (1983)).  These issues are currently before the Court on Defendant's

Motion for Partial Summary Judgment.

**Discussion**

        Summary judgment is proper where the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine

issue as to any material fact, and the moving party is entitled to judgment as a matter of law.

3

Fed. R. Civ. P. 56(c).  An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law.  Id. at 249.  The presence of a genuine issue of material fact defeats the motion.

In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999).  The Court also interprets the rule in such a way as to isolate and dispose of factually unsupportable claims or defenses.  *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Summary judgment is also appropriate if any element of the prima facie case lacks sufficient evidence to require submission to a jury. Anderson v. Liberty Lobby, 477 U.S. at 248-49.

**I.  Defendant did not waive the statute of limitations defense.**

Plaintiffs argue that Defendant has waived its defense to the three-year statute of limitations by not affirmatively pleading the two-year statute of limitations.  In the context of the FLSA, the statute of limitations is a limitation on the available remedy for a continuing violation, and not on the right to bring suit.  Hodgson v. Humphries, 454 F.2d 1279, 1284 (10th Cir. 1972). Thus, the applicability of the two-year statute of limitations must be pled as an affirmative defense in accordance with Fed. R. Civ. P. 8(c).  Mumbower v. H.R. Callicott, 526 F.2d 1183, 1187 (8th Cir. 1975).   Under the Rule, if a party does not timely raise an affirmative defense, said defense is waived.

This is not to say that the defendant bears the sole burden of establishing which period applies:  "[A]lthough the defendant must plead the [two-year] statute of limitations . . . as an affirmative defense, the plaintiff bears the burden of proving that the defendant's violation was willful and . . . that the longer statute of limitations applies."  <u>Donovan v. M&M Wrecker Serv., Inc.</u>, 733 F.2d 83, 85 (10th Cir. 1984).  In this case, Plaintiffs specifically complained that Defendant's violation of the FLSA was willful [Compl. at 3, ¶ 11], and stated their intention to seek damages for a three-year period [<u>id.</u> ¶ 12].  Thus, Defendant was clearly on notice that Plaintiffs intended to pursue the exception to the normal two-year rule.  Yet, Defendant did not specifically plead the statute of limitations as a defense.  In its Answer, Defendant denied that it acted willfully. [Answer at 2, ¶ 11.] Defendant also raised the defense of good faith in response to Plaintiffs' claim for liquidated damages. [<u>Id.</u> at 3, IV.] Defendant now argues that these averments were sufficient to put Plaintiffs on notice that Defendant intended to pursue the statute of limitations defense, and that waiver would therefore be inappropriate.

The purpose of Fed. R. Civ. P. 8(c) is "to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail."  <u>Venters v. City of Delphi</u>, 123 F.3d 956, 967 (7th Cir. 1996).  Indeed, "appellate courts are not inclined to find a technical failure to comply with Rule 8(c) fatal . . . so long as the record confirms that the plaintiff had adequate notice of the defense and was not deprived of the opportunity to respond."  <u>Id.</u> at 968.  Thus, strict waiver would be appropriate where an eleventh hour attempt to raise a defense would prevent discovery on the issue, but might not be proper where, as here, Plaintiff would suffer no real prejudice. *Compare* <u>Mumbower</u>, 526 F.2d at 1187 (estopping defendants from raising two-year limitations period for the first time on appeal), *and*

Braddock v. Madison County, 34 F. Supp. 2d 1098, 1112 (S.D. Ind. 1998) (declining to allow defendant to amend its answer to assert the statute of limitations defense for the first time on the last business day before trial), *with* Sauers v. Salt Lake County, 1 F.3d 1122, 1129 (10th Cir. 1993) (recognizing that "[w]hen parties argue an affirmative defense in district court, the technical failure to plead the defense is not fatal").  In this case, the Court finds that justice would be better served by determining the merits, rather than relying upon procedural technicalities.

## II.  The issue of "willfulness" is a question of fact for the jury to decide.

Both the statute of limitations issue and the liquidated damages question at issue here require a determination of whether Defendant's violation of the FLSA was willful.  An act is "willful" if the defendant **knew** that its conduct violated the FLSA or acted with **reckless disregard** for the FLSA's provisions.  Gilligan v. City of Emporia, Kan., 986 F.2d 410, 413 (10th Cir. 1993) (emphasis added) (applying the standard for willfulness adopted in McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988)).  The plaintiff bears the burden of proving willfulness. De Luna-Guerrero v. N.C. Growers Ass'n, 370 F. Supp. 2d 386, 388 (E.D. N.C. 2005).  The defendant may assert a defense of good faith, as good faith is "necessarily inconsistent with knowing or reckless disregard."  Quirk v. Baltimore County, Md., 895 F. Supp. 773, 788-89 (D. Md. 1995).  In making the willfulness determination, "all of the facts and circumstances surrounding the violation [of the FLSA] shall be taken into account," 29 C.F.R. § 578.3(c)(1), and the "clearly erroneous" standard of review applies, Reich v. Monfort, Inc., 144 F.3d 1329, 1334 (10th Cir. 1998).  The same standard applies to both the statute of limitations issue and the liquidated damages issue.  Brinkman v. Dep't of Corrs., 21 F.3d 370, 372-73 (10th Cir. 1994).

According to the undisputed facts in this case, Defendant began investigating alternate pay plans because the commission system was unpopular with the drivers.  During its investigation, Defendant consulted the MCA.  Defendant also spoke with a representative of the Department of Labor (DOL) and with its own attorney about the legality of the proposed pay plan.  However, Defendant never requested nor received any written opinion on the matter. Defendant also never discussed the emergency towing exception to the MCA with any authority. Ultimately, Defendant allowed the drivers to vote whether they preferred the commission system or a straight hourly rate, although management made the final decision to implement the straight hourly rate.  Based on its belief that its drivers were not entitled to overtime because they fell within the jurisdiction of the Secretary of Transportation, Defendant  did not initially pay its drivers overtime, although Defendant has since changed its policy to pay time and one-half for each hour worked in excess of forty hours per week.

Based on these facts, the Court finds that summary judgment on the issue of willfulness would be improper.[1]   For purposes of the FLSA, "an employer's conduct shall be deemed

---

[1]In reaching this decision, the Court also considers the fact that Defendant's Motion is based on one piece of evidence, to wit, Dana Storey's affidavit.  Ms. Storey's affidavit not only recites Defendant's efforts to obtain legal advice about the new payment plan, but also relates what advice was given.  Such evidence does not provide the most reliable foundation for summary judgment.  *See, e.g.,* Nat'l Aviation Underwriters v. Altus Flying Serv., 555 F.2d 778, 784 (10th Cir. 1977) (ruling that summary judgment should not be based on the deposition or affidavit of an interested party as to facts known only to him "where the demeanor evidence might serve as real evidence to persuade the trier of fact to reject his testimony"); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995) ("Hearsay testimony cannot be considered because a third party's description of a witness's supposed testimony is not suitable grist for the summary judgment mill.") (internal quotations and alterations omitted); Sorrentino v. IRS, 383 F.3d 1187, 1198 (10th Cir. 2004) ("The self-serving quality of the testimony goes to its credibility, which is to be judged by the trier of fact. Credibility determinations are not to be made at summary judgment . . . .").

knowing . . . if the employer received advice . . . to the effect that the conduct in question is not lawful." 29 C.F.R. § 578.3(c)(2). An employer acts in reckless disregard "if the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry." Id. § 578.3(c)(3). In this case, Defendant did inquire of the DOL and its own attorney as to the legality of its new method of compensation. However, Defendant did not consult the Secretary of Transportation, even though it believed itself to be under that agency's authority, nor did Defendant specifically discuss the emergency towing exception with any authority. The Court finds that reasonable minds could differ as to whether Defendant's inquiry was "adequate," and thus, whether Defendant's conduct was "willful," such that Plaintiffs would be entitled to the longer limitations period and the liquidated damages.

<u>Conclusion</u>

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is DENIED in its entirety.

IT IS SO ORDERED this 28th day of July 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma

8